# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ANGELLICA ROBERTS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR614-023 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED REPORT AND RECOMMENDATION

The Court recently entered a Report and Recommendation (R&R) that recommended dismissal of *pro se* movant Angelica Roberts' 28 U.S.C. § 2255 motion on the grounds that it was successive. Doc. 47. Roberts has filed an objection to that R&R pointing out an error: the R&R incorrectly stated that she pleaded guilty to distributing cocaine base, when she actually pleaded guilty to wire fraud and aggravated identity theft. *See, e.g.,* doc. 12 (Change of Plea); doc. 18 (Judgment). Despite the mistake, the R&R's determination that her motion is successive, and that this Court lacks jurisdiction to consider it without leave from the Court of

Appeals, remains sound.[1]  In order to correct the error, the Court **VACATES** the previous R&R (doc. 47), and replaces it, in its entirety with this Amended Report and Recommendation.

Angellica Roberts pleaded guilty to one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  Doc. 12 (Change of Plea); doc. 1 (Information).[2]  Her current motion seeks to vacate, set aside, or correct her sentence because she contends that her plea agreement was constitutionally defective.  *See generally* doc. 46.  Because this is, at least, Roberts' *second* § 2255 motion, this Court lacks jurisdiction to consider it without permission from the Eleventh Circuit.

---

[1] Roberts' objection cites a statute that penalizes false information concerning transportation related crimes.  *See* doc. 48 at 1; *see also* 18 U.S.C. § 35(a) (imposing a monetary "civil penalty" upon "[w]hoever imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempted or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter [*i.e.*, Chapter 2, Aircraft and Motor Vehicles] or chapter 97 [*i.e.*, Railroad Carriers and Mass Transportation Systems on Land, on Water, or Through the Air] or chapter 111 [*i.e.,* Shipping] of this title [*i.e.,* Title 18]").  Roberts does not explain how she believes this statute applies to her situation.  It does not, in any way, undermine the conclusion that her current motion is successive.

[2] The Court cites to the criminal docket.  Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Roberts filed her original § 2255 motion in 2016. *See* doc. 29. The Court found that it was time-barred and failed on the merits. Doc. 30 (recommending denial of § 2255 motion as untimely), *adopted* doc. 38. Such a disposition renders any subsequent § 2255 motions successive. *See Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (holding "a habeas or § 2255 petition that is properly dismissed as time-barred . . .

3

constitutes an adjudication on the merits for successive purposes."). This Court thus lacks jurisdiction to consider this petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

Since her motion is successive, it should be **DISMISSED** as an unauthorized, successive petition. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Amended Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of July, 2018.

*/s/ Christopher L. Ray*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA